UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| PRIMERICA LIFE INSURANCE COMPANY,<br><br>                              Plaintiff,<br>v.<br><br>MICHELLE BRIGGS, et al.,<br><br>                              Defendants. | Case No. 2:14-cv-02146-GMN-PAL<br><br>**REPORT OF FINDINGS AND RECOMMENDATION**<br><br>(Mot. Default Judgment – Dkt. #16) |

This matter is before the Court on Plaintiff Primerica Life Insurance Company's Motion for Entry of Default Judgment (Dkt. #16) against Defendants Michael Briggs and Mary Catherine Tatsch. This Motion is referred to the undersigned pursuant to 28 U.S.C. § 636(a) and (b) and LR IB 1-3 and 1-4 of the Local Rules of Practice. The Court has considered the Motion. No response to the Motion was filed.

**BACKGROUND**

This case arises from a life insurance policy issued by Plaintiff Primerica Life Insurance Company ("Primerica") to David M. Briggs (the "Insured") on February 1, 1998. *See* Mot. Ex. 1 (Dkt. #16-1), Aff. of Cheryl Talbert ¶ 3; Ex. 2 (Dkt. #16-2), Primerica Life Ins. Policy No. 0412734034 (the "Policy"). On August 18, 2014, the Insured passed away. *See* Talbert Aff. ¶ 4. At the time of the Insured's death, the benefit under the Policy was $100,000 (the "Policy Proceeds"). *Id*. ¶ 5. The only existing copy of the Policy application does not contain a designation of beneficiaries, and Primerica has no other record of a beneficiary designation. *Id*. ¶ 6.

/ / /

/ / /

On or about September 8, 2014, Defendant Michelle Briggs[1] ("Michelle"), the Insured's daughter, submitted a claim to Primerica for the Policy Proceeds. *Id*. ¶ 7. However, Primerica identified two other potential claimants to the Policy Proceeds in addition to Michelle, the Insured's son, Michael Briggs ("Michael"), and the Insured's former spouse, Mary Catherine Tatsch ("Mary Catherine"). *Id*. ¶ 8. Based on the missing beneficiary designation and potential exposure to multiple and inconsistent liability, Primerica filed its Complaint in Interpleader to obtain a judicial determination as to the proper beneficiary. *Id*. ¶ 10; *see also* Compl. (Dkt. #1). On December 17, 2014, the Clerk of Court issued Summons (Dkt. #6) to all three Defendants. Primerica filed proof of service of process on January 6 and 15, 2015. *See* Summons Returned Executed (Dkt. ##9–11). No Defendant filed a responsive pleading in this action.

The Motion states that Michelle was represented by counsel and contacted Primerica after service of the Summons and Complaint. *See* Mot. (Dkt. #16) at 8 n.2. Primerica agreed to an open-ended extension for her answer while awaiting responses from Michael and Mary Catherine in order to minimize attorneys' fees and costs in the event no other claimants appeared. *Id*. Primerica represents that it has had no contact with Michael. *See* Mot. Ex. 3 (Dkt. #16-3), Aff. of Justin A. Shiroff, Esq. ¶ 6; Talbert Aff. ¶ 11. After service of the Summons and Complaint, Mary Catherine contacted Primerica's counsel and specifically disclaimed any right to or interest in the Policy Proceeds, assuming the Insured's children were asserting claims. Shiroff Aff. ¶ 7. Because neither Michael nor Mary Catherine appeared in this action or filed a claim for the Policy Proceeds, Primerica entered into a settlement agreement with Michelle and filed Notice of Voluntary Dismissal (Dkt. #14), on May 6, 2015, dismissing Michelle with prejudice. *Id*. ¶ 9–10.

Based on their failure to answer the Complaint or otherwise appear before this Court, Primerica now seeks an order pursuant to Rule 55(b) of the Federal Rules of Civil Procedure, awarding a default judgment against Michael and Mary Catherine. Pursuant to Primerica's Motion for Entry of Clerks Default (Dkt. #12), the Clerk of Court entered default against

---

[1] As discussed further below, Primerica dismissed Michelle from this action with prejudice on May 6, 2015. *See* Notice of Voluntary Dismissal (Dkt. #14).

Michael and Mary Catherine on February 10, 2015. *See* Clerk's Entry of Default (Dkt. #13). Primerica seeks entry of default judgment against Michael and Mary Catherine, but does not seek an award of monetary damages or attorney's fees and costs.

## DISCUSSION

### I. ADEQUACY OF SERVICE OF PROCESS

As a preliminary matter, a court must determine whether the service of process was adequate. A federal court does not have jurisdiction over a defendant unless the defendant has been properly served. *See Direct Mail Specialists*, *Inc. v. Eclat Computerized Tech.*, *Inc.*, 840 F.2d 685, 688 (9th Cir. 1988). Rule 4 of the Federal Rule of Civil Procedure governs service of process in a federal action. According to Rule 4, an individual may be served by "following state law for serving summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). In addition, an individual may be served by delivering a copy of the summons and complaint to the individual personally, leaving a copy of each at the individual's home, or delivering a copy of each to an agent authorized to receive service of process. Fed. R. Civ. P. 4(e)(2).

Here, the executed summons (Dkt. ##10–11) indicates that a process server served the complaint and summons on Mary Catherine on December 22, 2014, and on Michael on January 10, 2015, by personal service. Thus, the Court finds that service of process was adequate.

### II. DEFAULT JUDGMENT

Rule 55 sets forth the two-step procedure for obtaining a default judgment "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise. Fed. R. Civ. P. 55(a); *see also Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). First, the clerk of the court must enter default against the party. Fed. R. Civ. P. 55(a). Second, the party seeking default judgment must then petition the district court for entry of a default judgment. Fed. R. Civ. 55(b)(2).

After properly effecting service of process in an interpleader action, a "named interpleader defendant who fails to answer the interpleader complaint and assert a claim to the res forfeits any claim of entitlement that might have been asserted." *Standard Ins. Co. v.*

3

*Asuncion*, 43 F. Supp. 3d 1154, 1156 (W.D. Wash. 2014) (quoting *Sun Life Assur. Co. of Canada, (U.S.) v. Conroy*, 431 F. Supp. 2d 220, 226 (D.R.I. 2006)). A court may accordingly "grant default judgment against the non-appearing interpleader defendants where the only remaining claimants demonstrate their entitlement to the funds and do not dispute the respective distributions." *Id*. (citing *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992) (appearing claimants must demonstrate entitlement to benefits); *Nationwide Mutual Fire Ins. Co. v. Eason*, 736 F.2d 130, 133 n.6 (4th Cir. 1984) ("Clearly, if all but one named interpleader defendant defaulted, the remaining defendant would be entitled to the fund.")). The grant or denial of a motion for the entry of default judgment is within the discretion of the district court. *Liberty Ins. Underwriters Inc. v. Scudier*, 53 F. Supp. 3d 1308, 1317 (D. Nev. 2013) (citing *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980)).

The Ninth Circuit has identified the following factors as relevant to the exercise of the court's discretion in determining whether to grant default judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to the excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel*, 782 F.2d at 1471–72. In applying the *Eitel* factors, the well-pleaded factual allegations of the complaint are taken as true after the court clerk enters a default, except for the allegations relating to damages. *See*, *e.g.*, *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987); *Liberty Ins.*, 53 F. Supp. 3d at 1317. "Rule 55 gives the court considerable leeway as to what it may require as a prerequisite to the entry of a default judgment." *TeleVideo Sys.*, 826 F.2d at 917. In particular, a court may require a moving party to "establish the truth of any allegation by evidence." Fed. R. Civ. P. 55(b)(2)(C).

In this case, the Clerk entered a default against Michael and Mary Catherine on February 11, 2015. *See* Clerk's Entry of Default (Dkt. #13). Thus, the Court will evaluate the *Eitel* factors.

///

4

### A. Possibility of Prejudice to Primerica

The first *Eitel* factor favors default judgment where the plaintiff will suffer prejudice if default judgment is not entered. 782 F.2d at 1471. Simply delaying the resolution of the case is not prejudicial under this standard. *See TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 701 (9th Cir. 2001). The standard is whether plaintiff's ability to pursue the claim will be hindered. *Id.* (quoting *Falk v. Allen*, 739 F.2d 461, 462 (9th Cir. 1984)).

Both Michael and Mary Catherine have failed to appear since being served in December 2014 and January 2015. Thus, Primerica as well as the beneficiary entitled to payment would suffer prejudice if the Court does not fully and finally resolve the dispute regarding entitlement to the Policy Proceeds at issue. Indeed, this is the very reason that Primerica brought this action. Without the entry of default judgment as to Michael and Mary Catherine's entitlement to the proceeds, their claims could not otherwise be resolved, and judgment would not be entered to fully release Primerica from liability. *See, e.g.*, *Asuncion*, 43 F. Supp. 3d at 1156 (discussing prejudice against claimants and insurance company due to defendants failure to appear and resolve the dispute regarding entitlement to life insurance proceeds) (citing *Aetna Life Ins. Co. v. Bayona*, 223 F.3d 1030, 1034 (9th Cir. 2000) ("Interpleader's primary purpose is not to compensate, but rather to protect stakeholders from multiple liability as well as from the expense of multiple litigation."). In addition, by failing to answer or otherwise respond to the Complaint, Michael and Mary Catherine are deemed to have admitted the truth of Primerica's averments. *Philip Morris USA*, *Inc. v. Castworld Products*, *Inc.*, 219 F.R.D. 494, 499 (C.D. Cal. 2003). Therefore, the Court finds that this factor weighs in favor of entry of a default judgment.

### B. Merits of the Primerica's Substantive Claims and Sufficiency of the Complaint

The second and third *Eitel* factors favor default judgment if Primerica makes enough factual allegations to state a claim upon which relief can be granted in accordance with Rule 8(a). 782 F.2d at 1471; *Cal. Security Cans*, 238 F. Supp. 2d at 1177. An interpleader action serves two purposes: (1) protecting the stakeholder from problems caused by multiple claimants

5

to a single fund; and (2) limiting litigation expenses. *See Mack v. Kuckenmeister*, 619 F.3d 1010, 1024 (9th Cir. 2010).

Primerica's Complaint alleges that it issued the Policy to the Insured on February 1, 1998. *See* Compl. (Dkt. #1) ¶ 4. On August 18, 2014, the Insured passed away. *Id.* ¶ 5. At the time of the Insured's death, the Policy Proceeds totaled $100,000. *Id.* ¶ 5. The only copy of the Policy application available to Primerica does not contain a designation of beneficiaries. *Id.* ¶ 6. Primerica identified three potential claimants to the Policy Proceeds, the Insured's natural children, Michelle and Michael, and the Insured's ex-wife, Mary Catherine. *Id.* ¶ 8–12. Prior to the filing of the Complaint, Michelle submitted a claim to Primerica for the Policy Proceeds. *Id.* ¶ 8. Based on the missing beneficiary designation and potential exposure to multiple and inconsistent liability, Primerica filed its Complaint in Interpleader to obtain a judicial determination as to the proper beneficiary. *Id.* ¶ 17–28. Primerica faces the risk of exposure to multiple liability and has averred that it is a disinterested party with no claim to the insurance proceeds. *Id.* ¶ 24. Because multiple parties could be entitled to the Policy Proceeds, Primerica's distribution of the Policy Proceeds could expose it to liability or litigation. Exposure to multiple claims for contested proceeds is exactly a type of action for which interpleader is appropriate. *Mack*, 619 F.3d at 1024. Thus, Primerica properly stated a claim for interpleader.

A decision on the merits in this action would have amounted to a determination that one (or more) of the Defendants was the proper beneficiary. Because Michael and Mary Catherine have failed to answer or otherwise respond to the Complaint by asserting a claim for the Policy Proceeds, the Court finds that Michael and Mary Catherine have waived any rights or interest therein. Because Michelle is the only claimant who asserts a right to the Policy Proceeds, and Michael and Mary Catherine failed to appear in this action or otherwise claim any rights to the Policy Proceeds, Michelle is the sole beneficiary of the proceeds. Based on these findings, the Court further finds that Primerica and its agents are discharged from any and all liability in Connection with the Policy and/or Policy Proceeds. Accordingly, these findings weigh in favor of the entry of default judgment.

### C. Sum of Money at Stake in the Action

The fourth *Eitel* factor weighs against a default judgment when there is a substantial amount of money involved. 782 F.2d at 1472. In evaluating this factor, the court must compare the amount of money at stake to the seriousness of the defendant's conduct. *See Cal. Security Cans*, 238 F. Supp. 2d at 1176.

Although the Policy Proceeds totaled $100,000, Primerica has now settled Michelle's claim, disbursed the proceeds to her, and dismissed her with prejudice from this action. *See* Mot. Ex. 3, Shiroff Aff. ¶ 9–10; Notice of Voluntary Dismissal (Dkt. #14). As a result, there is no longer any sum at stake in this litigation, only the declaratory and injunctive relief sought by Primerica. *See* Mot. (Dkt. #16) at 6:10–17. Because a large sum of money is not at stake, the fourth *Eitel* factor weighs in favor of default judgment.

### D. Possibility of a Dispute Concerning Material Facts

The fifth *Eitel* factor weighs against a default judgment where there is a possibility of a dispute about material facts. 782 F.2d at 1471–72. Because this Court takes all allegations in a well-pleaded complaint as true after the Clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists in this case. *See*, *e.g.*, *Elektra Entm't Grp. Inc. v. Crawford*, 226 F.R.D. 388, 393 (C.D. Cal. 2005). Michael and Mary Catherine have not answered the Complaint, and nothing in the record indicates that any of the material facts are in dispute. Additionally, Primerica represents that Mary Catherine specifically disclaimed any right to or interest in the Policy Proceeds, assuming the Insured's children were asserting claims. Mot. Ex. 3, Shiroff Aff. ¶ 7. Therefore, accepting the facts as stated in the Complaint as true given the sufficiency of the Complaint, this factor weighs in favor of a default judgment.

### E. Whether the Default Was Due to Excusable Neglect

The sixth *Eitel* factor favors default judgment where default was not due to excusable neglect. 782 F.2d at 1472. Primerica has demonstrated that it properly served Michael and Mary Catherine with the Summons, Complaint, and the Motion. Michael and Mary Catherine have received actual notice of this lawsuit and the Motion; thus, their failure to respond to the complaint or otherwise appear cannot be deemed "excusable neglect." *See Shanghai Automation*

*Instrument Co. v. Kuei*, 194 F. Supp. 2d 995, 1005 (N.D. Cal. 2001) (finding no excusable neglect because defendants were properly served with the complaint, notice of entry of default, and motion for default judgment). Michael and Mary Catherine's failure to appear is therefore willful, and this factor weighs in favor of entry of a default judgment.

### F. The Strong Policy Favoring Decisions on the Merits

The final *Eitel* factor instructs a court to examine whether a default judgment is appropriate in light of the strong policy in the Federal Rules of Civil Procedure favoring decisions on the merits. 782 F.2d at 1472 ("Cases should be decided upon their merits whenever reasonably possible."). However, the mere existence of Rule 55(b) indicates that this preference is not dispositive. *Cal. Security Cans*, 238 F. Supp. 2d at 1177.

Here, Primerica has no opportunity to try his case on the merits when Michael and Mary Catherine have repeatedly failed to respond or otherwise defend themselves in this action. There are no policy considerations that preclude the entry of default judgment against Michael and Mary Catherine under the circumstances in this case. *See Eitel*, 782 F.2d at 1471–72. Therefore, this factor weighs in favor of entry of a default judgment.

Having reviewed plaintiff's motion and considered the *Eitel* factors as a whole, this Court will recommend entry of default judgment.

### III. PERMANENT INJUNCTIVE RELIEF

Primerica requests that Michael and Mary Catherine be enjoined from initiating any future legal action regarding their entitlement to the Policy Proceeds. The Court finds that entry of such an injunction is appropriate in this case.

Federal courts have the power to enjoin proceedings in other federal courts, as well as in state courts, under appropriate circumstances. *Trustees of IL WU-PMA Pension Plan v. Peters*, 660 F. Supp. 2d 1118, 1144 (N.D. Cal. 2009) (citing 18 Moore's Federal Practice Guide § 131.53 (2008)). The Anti–Injunction Act, 28 U.S.C. § 2283, "prohibits a federal court from enjoining state court proceedings except where an injunction is expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." *G.C. and K.B. Investments, Inc. v. Wilson*, 326 F.3d 1096, 1106–07 (9th Cir. 2003) (internal

1 citation omitted). The third exception, the "re-litigation exception," allows a federal court to prevent state court litigation of an issue that was previously presented to and decided by a federal court. *Id*. at 1107 (citing *Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 147 (1988)). The relitigation exception was designed "to permit a federal court to prevent state litigation of an issue that previously was presented to and decided by the federal court. It is founded in the well-recognized concepts of res judicata and collateral estoppel." *Chick Kam Choo*, 486 U.S. at 147.

A party seeking an injunction against relitigation must make the showing necessary for the issuance of any injunction, *i.e.*, serious and irreparable harm. *Peters*, 660 F. Supp. 2d at 1145 (citing *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 506 (1959)). "This standard is usually met, however, where there is a likelihood of costly and judicially wasteful relitigation of claims and issues that were already adjudicated in federal court." *Id*. (citing *Quintero v. Klaveness Ship Lines*, 914 F.2d 717, 721 (5th Cir. 1990); *Aristud–Gonzalez v. Gov't Dev. Bank for Puerto Rico*, 501 F.3d 24, 27 (1st Cir. 2007) ("Injunctive relief incident to an interpleader action is also common—the whole purpose being to avoid inconsistent results in separate lawsuits.")).

Here, the Court has expressly found that Michelle is entitled to the full amount of the Policy Proceeds and has therefore adjudicated the question who is entitled to those benefits. Relitigation of that question would be judicially wasteful and raise the possibility of inconsistent results. It would also defeat the purpose of Primerica's interpleader action. Therefore, the Court concludes that an injunction should be entered prohibiting Michael and Mary Catherine from initiating any action, whether in state or federal court, asserting an entitlement to the Insured's Policy Proceeds.

*See, e.g.*, *Peters*, 660 F. Supp. 2d at 1145.

## CONCLUSION

Based upon the foregoing,

**THE COURT FINDS THAT:**

1. Weighing all the *Eitel* factors, entry of the default judgment is appropriate.
2. Plaintiff Primerica Life Insurance Company's service of process on Defendants Michael Briggs and Mary Catherine Tatsch was adequate.

9

3. The Clerk of Court entered default against Defendants Michael Briggs and Mary Catherine Tatsch on February 10, 2015. *See* Clerk's Entry of Default (Dkt. #13).

4. A decision on the merits in this action would have amounted to a determination that one (or more) of the Defendants was the proper beneficiary of the Policy Proceeds.

5. Because Defendants Michael Briggs and Mary Catherine Tatsch have failed to answer or otherwise respond to the Complaint by asserting a claim for the Policy Proceeds, they have waived any rights or interest therein.

6. Because Michelle Briggs is the only claimant who asserted a right to the Policy Proceeds, and Defendants Michael Briggs and Mary Catherine Tatsch failed to appear in this case or otherwise claim any rights to the Policy Proceeds, Michelle Briggs is the sole beneficiary of the Policy Proceeds.

7. Primerica and its agents are discharged from any and all liability in connection with the Policy or Policy Proceeds.

Accordingly,

**IT IS RECOMMENDED:**

1. Plaintiff Primerica Life Insurance Company's Motion for Entry of Default Judgment (Dkt. #16) be GRANTED.

2. The Clerk of the Court be instructed to enter judgment permanently enjoining Defendants Michael Briggs and Mary Catherine Tatsch, their attorneys, or their agents from initiating any proceedings against Primerica Life Insurance Company in connection with the life insurance policy and proceeds at issue in this interpleader action.

3. The Clerk of the Court be further instructed to CLOSE this case.

Dated this 18th day of March, 2016.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE